IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUGENE J. BUONACCORSI,                    )      No. C 10-01474 SBA (PR)
                                          )
                Petitioner,               )      **ORDER GRANTING RESPONDENT'S**
                                          )      **MOTION TO DISMISS PETITION AS**
        v.                                )      **UNTIMELY; AND DENYING CERTIFICATE**
                                          )      **OF APPEALABILITY**
PAM AHLIN, Executive Director,            )
                                          )      (Docket no. 8)
                Respondent.               )
_____)

**INTRODUCTION**

Petitioner Eugene Buonaccorsi, a state prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's motion to dismiss the present petition as untimely under 28 U.S.C. § 2244 (d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  That motion is fully briefed.

Having considered the papers submitted, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

On December 8, 2006, Petitioner was found by a jury to be a sexually violent predator under California's Sexually Violent Predator Act (SVPA), which is codified at California Welfare & Institutions Code §§ 6600-6609.3.[1]  (Pet. at 2.)  There was no direct appeal of the judgment.

Thereafter, sometime in 2007, Petitioner wrote a letter to his trial counsel, Charles Ogulnik,

_____

[1]  In <u>Hydrick v. Hunter</u>, 500 F.3d 978, 983 (9th Cir. 2007) <u>rev'd on other grounds</u>, 500 F.3d 978 (2009), the Ninth Circuit summarized how the SVPA functions.  The SVPA defines a sexually violent predator (SVP) as a person "convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others" that is, is "likely [to] engage in sexually violent criminal behavior." <u>Id.</u> at 983 (citing Cal. Welf. & Inst. Code § 6600(a)).  At least six months before a person who has committed the predicate offenses is to complete his sentence, he is evaluated by the California Department of Corrections and Rehabilitation as well as the California Department of Mental Health. <u>Id.</u> (citing § 6601).  If those two departments agree that the person evaluated may be a SVP, a petition for commitment may be filed by the district attorney or counsel for the county in which the evaluated person was convicted. <u>Id.</u> (citing § 6601(i)).  If that person is found by a jury to be a SVP who poses a danger to the health and safety of others, he is civilly committed for an indefinite period to commence after his criminal sentence is fulfilled. <u>Id.</u> (citing §§ 6602-6604).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   inquiring whether he was pursuing a direct appeal.  A copy of the letter is not part of the record;

2   therefore, the Court cannot determine the exact date of this letter.  On November 14, 2007, Attorney

3   Ogulnik responded that he had not filed an appeal.  (Opp'n, Ex. A.)  In that same letter, he suggested

4   that Petitioner file an appeal on his own behalf.  (Id.)

5          On August 22, 2008,[2] Petitioner filed a habeas petition in the Sonoma County Superior

6   Court, which was denied on August 28, 2008.  (Pet. at 4.)[3]  In that denial, the state superior court

7   stated that Petitioner's "various claims of ineffective assistance of counsel do not present a colorable

8   claim for relief."  (Id.)  The state superior court also noted that the SVPA is valid; therefore,

9   Petitioner's claim that the State's involuntary commitment procedures are unconstitutional was

10   deemed invalid.  (Id.)

11          On November 24, 2008, Petitioner filed a habeas petition in the California Court of Appeal.

12   On November 26, 2008, the state appellate court summarily denied the petition, with citations to: In

13   re Clark, 5 Cal. 4th 750, 782-799 (1993); In re Robbins, 18 Cal. 4th 770, 780 (1998); Ex Parte

14   Swain, 34 Cal. 2d 300, 302-304 (1949); Ex Parte Dixon, 41 Cal. 2d 756, 759 (1953);  Ex Parte

15   Lindley, 29 Cal. 2d 709, 723 (1947); and People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Resp't Ex.

16   1; Pet. at 8.)

17          Petitioner then filed a second habeas petition in the Sonoma County Superior Court on June

18   25, 2009, which was denied on August 31, 2009.  (Pet. at 5-6.)  In its second denial, the state

19   superior court explained that it denied the petition because Petitioner "failed to raise new claims"

20   and did not demonstrate that "a fundamental miscarriage of justice would result from the failure to

21   entertain the claim."  (Id.)  Additionally, Petitioner "failed to assert his claims on direct appeal," and

22   did not demonstrate "an exception to the general rule that a court will dismiss a habeas corpus

23   petition if it alleges an issue that could have been, but was not, raised on direct appeal."  (Id. at 6.)

24   _____

25          [2] Neither Petitioner nor Respondent has submitted copies of the habeas petitions filed in the
     state courts.  Instead, Respondent has submitted docket sheets from the state courts' official online
26   database.  Thus, the filing dates mentioned in this Order are the dates, taken from these docket
     sheets, on which the state courts received each of the petitions.

27          [3] Petitioner has attached numerous exhibits to page three of his petition form, and he has
28   also attached a type-written document entitled, "Petition for Writ of Habeas Corpus By a Person in
     State Custody Under 28 U.S.C. § 2254."  The Court has re-numbered the pages attached to page
     three, beginning with the first exhibit -- the state superior court's August 28, 2008 denial -- as page
     four, until the last page -- Petitioner's "Certificate of Service By Mail" -- as page twenty-nine.

2

Finally, the state superior court found that his claims were "substantively without merit." (Id.)

On October 29, 2009 Petitioner filed a second habeas petition in the state appellate court, which was denied on November 5, 2009. (Resp't Ex. 2; Pet. at 9.)

On November 16, 2009 Petitioner filed a petition for review in the California Supreme Court. (Resp't Ex. 3.) That petition was denied on December 17, 2009. (Id.; Resp't Ex. 2; Pet. at 10.)

On December 10, 2009, Petitioner filed a habeas petition in the California Supreme Court. (Resp't Ex. 4.) He later filed a second habeas petition in the same court on February 3, 2010. (Resp't Ex. 5.) Both petitions were denied by the California Supreme Court on March 10, 2010. (Resp't Ex. 4; Resp't Ex. 5; Pet. at 11-12.)

On April 1, 2010,[4] Petitioner filed the present federal habeas petition. (Pet. at 18-29.)

## DISCUSSION

The AEDPA, which applies to all cases filed after its effective date of April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas petitions. Lindh v. Murphy, 521 U.S. 320 (1997); 28 U.S.C. § 2244(d). The year commences on the latest of: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Also, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id.

---

[4] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). The federal habeas petition was signed on April 1, 2010, which is the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

United States District Court
For the Northern District of California

§ 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002); see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

In the present case, the limitations period started running on February 6, 2007, when Petitioner's judgment became final sixty days after December 8, 2006, when the jury found him to be a SVP. See § 2244(d)(1)(A). Thus, Petitioner had until February 6, 2008 to file his federal habeas petition. Because he did not file the present petition until April 1, 2010 -- more than two years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to tolling.

## I.     Equitable Tolling

Petitioner claims that he is entitled to equitable tolling based on his trial counsel's failure to file a direct appeal. Specifically, he claims that the limitations period should be equitably tolled from February 6, 2007, when his judgment became final, until November 15, 2007, the day after he received the letter from his trial counsel explaining that no direct appeal had been filed.

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a

4

United States District Court

For the Northern District of California

petition on time." <u>Beeler</u>, 128 F.3d at 1288 (citation and internal quotation marks omitted).  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry.  <u>Id.</u>  Thus, the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-35 (9th Cir. 2005).  He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence.  <u>Bryant v. Ariz. Att'y Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007).

Here, Petitioner claims that he is entitled to equitable tolling based upon his trial counsel's failure to file a direct appeal.  (Opp'n at 3-4.)  Specifically, Petitioner claims that he was not aware that no direct appeal had been filed until he received the November 14, 2007 letter from his counsel, and that the limitations period should be tolled until such date.  However, Petitioner fails to specify when he began to inquire about whether his trial counsel filed a direct appeal.  Since the commencement of the limitations period on February 6, 2007, 281 days passed before November 14, 2007, the date Petitioner claims he was informed that no direct appeal was filed.  However, during that time, Petitioner has not established his own diligence in contacting his trial counsel in order to determine whether a direct appeal had been filed.  See <u>Culver v. Dir. of Corr.</u>, 450 F. Supp. 2d 135, 1142-43 (C.D. Cal. 2006) (finding no equitable tolling where petitioner failed to demonstrate diligence in contacting counsel to determine whether petition for review had been filed and first habeas petition was not filed until five months after Court of Appeal denied his direct appeal).  Petitioner does not indicate, nor does the record reveal, when he made the initial inquiry about his

United States District Court

For the Northern District of California

1 direct appeal.  Petitioner does not allege that he made any previous inquiries about his direct appeal

2 prior to the letter he wrote to his trial counsel.  Again, there is nothing in the record to indicate the

3 exact date that letter was written.  The Court notes that Attorney Ogulnik was "delay[ed] in getting

4 back to [Petitioner]" because he "had a hard time locating [Petitioner's] files."  (Opp'n Ex. A.)

5 However, there is no indication in Attorney Ogulnik's letter that Petitioner had previously requested

6 him to file a direct appeal.  In fact, Attorney Ogulnik states that Petitioner may not have been aware

7 of such an appeal, stating: "Regarding an appeal in your matter, I did not file one.  I do not think that

8 the court advised you of your appeal rights, so we may need to discuss this further, or you can file an

9 appeal."  (Id.)  Accordingly, the Court finds that there is an insufficient factual basis for Petitioner's

10 allegation that his trial counsel was directed but failed to file a direct appeal.

11        Because Petitioner fails to offer a sufficient factual basis for his claim of equitable tolling

12 due to his trial counsel's failure to file a direct appeal, the Court will now consider whether further

13 development of the record is necessary.  In Laws v. Lamarque, the Ninth Circuit reversed the district

14 court's order granting a motion to dismiss because it failed to develop the record in response to

15 Laws' claim of mental incompetency.  351 F.3d 919, 924 (9th Cir. 2003).  The court determined that

16 a district court should not require the petitioner to "carry a burden of persuasion" at the time he

17 asserts equitable tolling to merit further investigation into the merits of his arguments for tolling.  Id.

18 Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the]

19 petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further

20 factual development of the record.  Id. (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.

21 2000) (en banc) (remanding case to district court for development of facts concerning whether

22 AEDPA materials were unavailable in the prison law library and the legal significance of such a

23 finding)).  Should further development of the record show evidence of attorney misconduct, a

24 district court would then be able to evaluate the egregiousness of the conduct.

25        The Ninth Circuit has held that attorney misconduct may constitute an extraordinary

26 circumstance warranting equitable tolling only where the conduct is "sufficiently egregious."

27 Spitsyn, 345 F.3d at 800.  In Spitsyn, equitable tolling was deemed warranted where the attorney

28 was hired nearly a full year in advance of the deadline but failed to prepare and file a petition, and

1   was contacted by the petitioner and his mother numerous times by telephone and in writing.  Here,

2   Petitioner does not allege that his trial counsel demonstrated similar "sufficiently egregious"

3   misconduct.  In fact, Petitioner only offers vague and conclusory statements regarding his trial

4   counsel's alleged negligence and fails to assert any misconduct by his trial counsel.  Thus, the Court

5   finds no need for further development of the record.  Even if there were a sufficient factual basis for

6   Petitioner's claim that his trial counsel failed to file a timely direct appeal, attorney negligence is not

7   a sufficient basis for applying equitable tolling to the section 2244(d)(1) limitations period, as

8   further explained below.  Holland v. Florida, 130 S. Ct. 2549, 2564 (2010).

9       The Court notes that the Ninth Circuit's decision in Randle v. Crawford, 604 F.3d 1047 (9th

10   Cir. 2010), is instructive.  In that case, the petitioner argued that he met the equitable tolling

11   requirement because his state-appointed appellate counsel failed to perfect a timely appeal.  Id. at

12   1057.  On appeal, the court noted that "Randle does not show how his counsel's failure to file a

13   direct appeal delayed the filing of his state habeas action."  Id.  It further explained that "[c]ounsel's

14   failure to perfect an appeal simply meant that Randle had one year from the expiration of his time to

15   file a notice of appeal in which to initiate a federal habeas action -- it did not prevent him from filing

16   the petition."  Id. at 1058.  Therefore, the Ninth Circuit held that Randle's counsel's negligence in

17   failing to perfect direct appeal did not warrant equitable tolling because it did not cause delay in the

18   filing of his federal petition.

19       Here, as in Randle, Petitioner is unable to show that his trial counsel's negligence was the

20   direct cause of his failure to file a timely federal habeas petition.  Because Petitioner fails to show

21   "any causal connection" between the grounds upon which he asserts a right to equitable tolling and

22   his inability to timely file a federal habeas application, the equitable tolling claim should be denied.

23   See Gaston, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal connection

24   between self-representation on direct appeal or physical and mental disabilities and inability to

25   timely file petition, district court's finding that he was not entitled to equitable tolling where he had

26   earlier filed a state habeas petition was not clear error).  Furthermore, Petitioner fails show that his

27   untimeliness was caused by an external impediment, instead, it was caused by his own lack of

28   diligence.  See Bryant, 499 F.3d at 1061 (no equitable tolling where petitioner was not diligent in

United States District Court

For the Northern District of California

7

that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).  Petitioner shows a lack of diligence because he did not immediately inquire about the status of his direct appeal.  As mentioned above, 281 days passed from the start of the limitations period on February 6, 2007 to November 14, 2007, the date that Petitioner received the letter from his trial counsel.  Petitioner's lack of diligence is also evident from his delay in seeking any state court relief, which he only started to pursue by filing a habeas petition in the state superior court on August 22, 2008 -- six months past the expiration of the limitations period on February 6, 2008.  Accordingly, in the absence of a "causal connection" between his trial counsel's alleged negligence and the inability to timely file his federal petition, and without a showing of reasonable diligence by Petitioner, equitable tolling is unavailable on this ground.

Based on a thorough review of the facts asserted in Petitioner's filings, the Court concludes that Petitioner has not demonstrated why equitable tolling should apply to his petition.  That is, he alleges no facts which show an "extraordinary circumstance" meriting equitable tolling.  See Beeler, 128 F.3d at 1289.  Accordingly, the limitations period will not be equitably tolled.

## II.    **Statutory Tolling**

Assuming arguendo, that Petitioner was entitled to equitable tolling due to his trial counsel's failure to file a direct appeal, the Court will now consider whether the petition is timely based on statutory tolling.  For the purposes of this discussion, the Court will assume that the limitations period began running on November 15, 2007, the day after Petitioner received the letter from his trial counsel explaining that no direct appeal was filed.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Where a petitioner waits months to file a habeas petition in higher court, a federal court must later determine whether the petitioner "delayed 'unreasonably' in seeking [higher state court] review."  Carey, 536 U.S. at 225.  If a petitioner delayed unreasonably, the application would no longer have been "pending" during the period at issue.  Id.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   Again, assuming arguendo that Petitioner was entitled to equitable tolling through November

2   15, 2007 (the day after he received his trial counsel's letter), the limitations period would have then

3   run for 281 days[5] -- until August 22, 2008, when Petitioner filed his superior court petition.

4   Pursuant to § 2244(d)(2), Petitioner would be entitled to statutory tolling of the limitations period for

5   the entire time he was pursuing state collateral relief.  The limitations period would have then

6   resumed running on March 10, 2010, the date the California Supreme Court's denial was final, until

7   April 1, 2010, the date his federal petition was deemed filed, which is twenty-one additional days.  A

8   total of 302 days (281 days plus twenty-one days) would have elapsed before Petitioner filed his

9   federal petition.  Therefore, if statutory tolling for the entire time he was pursuing state collateral

10   relief applies, Petitioner's federal petition would be timely because it was filed sixty-three days (365

11   days minus 302 days) before the limitations period expired.

12   However, Respondent argues that Petitioner is only eligible for statutory tolling during the

13   time frame Petitioner's first state superior court petition was pending in the Sonoma County Superior

14   Court, which amounts to six days -- from August 22, 2008 through August 28, 2008.  (Mot. to

15   Dismiss at 4.)  Respondent claims that thereafter, Petitioner should not be entitled to any further

16   statutory tolling, stating: "Because the November 24, 2008 petition was not "properly filed,"

17   Petitioner is not entitled to tolling for the two days that petition was pending or for the interval

18   between the superior court's August 28, 2008 denial and the improper November 24, 2008 filing."

19   (Id. (citing Pace v. DiGuglielmo, 544 U.S. 408, at 410, 413, 417 (2005) (state post-conviction

20   petition rejected by the state court as untimely is not "properly filed" and therefore not subject to

21   statutory tolling under § 2254(d)(2)); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)).)

22   The issue before this Court is whether the state appellate court clearly rejected Petitioner's

23   habeas petition as untimely in its summary order of denial when it cited to In re Robbins, 18 Cal. 4th

24   at 780.  The Ninth Circuit has considered similar facts to the present case in Thorson v. Palmer, in

25

26   ────────────────

27   [5] Respondent's calculation differs from the Court's in that Respondent claims 282 days expired
     because she calculates the start of the limitations period to be on November 14, 2007, the date Petitioner
     received the letter from his trial counsel. As mentioned above, the Court has determined the start of
28   limitations period to be on November 15, 2007, the day after Petitioner receives that letter.

which the California Supreme Court summarily denied the petitioner's habeas petition with a citation

to In re Robbins.  See Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007).  The Ninth Circuit held that

the California Supreme Court had "clearly rejected [petitioner's] habeas petition as untimely" by

citing In re Robbins, because the state supreme court's summary order cited "the very page of

Robbins that sets forth 'the basic analytical framework' governing California's timeliness

determinations in habeas corpus proceedings." Thorson, 479 F.3d at 645.  Like in Thorson, it is

clear in the present case that the state appellate court rejected Petitioner's habeas petition as untimely

when it issued its summary order with a citation to In re Robbins.[6]  Therefore, the Court agrees with

Respondent that Petitioner is not entitled to statutory tolling between the state superior court's

August 28, 2008 denial and the "improper" November 24, 2008 filing in the state appellate court.

Nor is Petitioner entitled to the two days his state appellate court petition was pending from

November 24, 2008 through November 26, 2008.

    It follows then that the limitations period started to run again on August 29, 2008, the day

after the state superior court's denial.  There were only eighty-four days remaining in the limitations

period (365 days minus 281 days), thus, the limitations period expired on November 21, 2008.

Therefore, the present federal petition filed on April 1, 2010 is untimely because it was filed almost

year and a half after the expiration of the limitations period.[7]

    In sum, Petitioner's claim that he is entitled to equitable tolling is unavailing because he has

established neither that he acted diligently to discover his trial counsel's purported failure to file his

direct appeal, nor that his trial counsel's alleged negligence was either extraordinary or the proximate

---

[6]  The appellate court cites to other cases in its November 26, 2008 denial; however, this Court need not address them because it is clear that the appellate court summarily denied the petition as untimely by citing In re Robbins.

[7]  Moreover, the second round of state habeas petitions were filed by Petitioner -- beginning with the second state superior court petition filed on June 25, 2009 -- after the limitations had expired on November 21, 2008; therefore, the time they were pending in state court cannot serve to toll the statute. See Ferguson v. Palmateer, 321 F.3d at 823 (9th Cir. 2003).  Petitioner is also not eligible for statutory tolling during the time any of his later-filed petitions were pending in the state appellate and supreme courts because "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

1   cause of his failure to timely file a federal habeas petition.  However, even assuming arguendo that

2   Petitioner is entitled to equitable tolling until the date he discovered his trial counsel's failure to file

3   his direct appeal, the Court has determined above that statutory tolling is not sufficient to overcome

4   the time bar to his federal petition.

5        Accordingly, Respondent's motion to dismiss the petition as untimely (docket no. 8) is

6   GRANTED.  The present petition is DISMISSED because it was not timely filed under 28 U.S.C.

7   § 2244(d)(1).

8   **III.**     **Certificate of Appealability**

9        The federal rules governing habeas cases brought by state prisoners have been amended to

10  require a district court that dismisses or denies a habeas petition to grant or deny a certificate of

11  appealability (COA) in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll.

12  § 2254 (effective December 1, 2009).

13       For the reasons stated above, Petitioner has not shown "that jurists of reason would find it

14  debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529

15  U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

16                                **CONCLUSION**

17       For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket

18  no. 8) is GRANTED; the petition hereby is DISMISSED with prejudice.  A COA is DENIED.

19  Petitioner may seek a COA from the Ninth Circuit Court of Appeals.

20       The Clerk of the Court shall terminate all pending motions, enter judgment, and close the

21  file.

22       This Order terminates Docket no. 8.

23       IT IS SO ORDERED.

24  DATED: September 30, 2011

25                                _____
                                  SAUNDRA BROWN ARMSTRONG
26                                United States District Judge

27

28

1

2

3

4

5 UNITED STATES DISTRICT COURT
FOR THE
6 NORTHERN DISTRICT OF CALIFORNIA

7 EUGENE J. BUONACCORSI,

Case Number: CV10-01474 SBA

8          Plaintiff,

**CERTIFICATE OF SERVICE**

9   v.

10 PAM AHLIN et al,

11          Defendant.

12 _____/

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.
14

15 That on October 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
16 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
located in the Clerk's office.

17

18

19 Eugene John Buonaccorsi C0-000667-6
Coalinga State Hospital
20 P.O. Box 5003-Unit#2
Coalinga,  CA 93210-5003
21

22 Dated: October 12, 2011

23                                    Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

24

25

26

27

28

United States District Court
For the Northern District of California